LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Pamela Gordon (Pam) filed for divorce from Stephen Gordon (Steve) in the Pearl River County Chancery Court in May 2009. The final judgment of divorce was entered by the chancery court in February 2010. The judgment set out visitation and child support for the couple’s one minor child and divided the marital property. No alimony was awarded.
¶ 2. Aggrieved with the division of the property, Steve now appeals asserting the following issues: (1) the chancellor failed to give him credit for his separate interest in the marital home; (2) the chancellor erred in declaring three vacant lots purchased by Steve before the marriage to be marital property; and (3) the chancellor erred by denying Steve’s post-judgment motion for correction of the judgment and his post-judgment motion for contempt. Finding the reversible error as to issue one dispositive of this appeal, the remaining issues will not be discussed.
STANDARD OF REVIEW
¶ 3. “A chancellor’s findings of fact will not be disturbed unless manifestly wrong or clearly erroneous. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his or her discretion, was manifestly wrong, [was] clearly erroneous[,] or an erroneous legal standard was applied.” Sanderson v. Sanderson, 824 So.2d 623, 625-26 (¶ 8) (Miss.2002) (internal citations and quotations omitted).
*380 DISCUSSION
¶4. Steve argues the chancellor failed to properly consider the non-marital contribution he made to the couple’s property on Idlewild Lane; thus, the chancellor miscalculated the value of the real property subject to equitable distribution. We agree.
¶ 5. “[T]he chancery court has the authority to order an equitable division of property that was accumulated through the joint efforts and contributions of the parties.” Ferguson v. Ferguson, 639 So.2d 921, 927 (Miss.1994) (quoting Draper v. Draper, 627 So.2d 302, 305 (Miss.1993)). “Assets acquired or accumulated during the course of a marriage are subject to equitable division unless it can be shown by proof that such assets are attributable to one of the parties’ separate estates prior to the marriage or outside the marriage.” Hemsley v. Hemsley, 639 So.2d 909, 914 (Miss.1994).
¶ 6. The real properties owned by the parties and deemed by the chancellor to be marital property consisted of the following:
1. The property at 711 Idlewild Lane, which the chancellor assigned a marital value of $125,000;
2. the property at 507 East Third Street, which the chancellor assigned a marital value of $28,500;
3. the property at 514 East Third Street, which the chancellor assigned a marital value of $79,500; and
4. the properties in the Ponderosa subdivision, which the chancellor assigned a marital value of $22,500.
¶ 7. Steve had contributed $70,000 to the property on Idlewild Lane with non-marital funds; and the chancellor took this into account in - determining its marital value. The chancellor stated the actual value of the property was $245,000, less debt of $50,000, leaving equity of $195,000. The chancellor then subtracted the $70,000 contributed by Steve from the sale of his premarital home. This left a marital equity of $125,000. The chancellor added the marital value of the properties together— $125,000; $28,500; $79,500; and $22,500- and arrived at a total of $255,500. The chancellor then divided this amount equally and awarded each party $127,750 for purposes of equitable distribution. The chancellor awarded fee simple title to the property on Idlewild Lane to Pam, and Steve was awarded fee simple title to both properties on East Third Street and the lots in the Ponderosa subdivision. The chancellor stated that Pam’s property award was worth $125,000, and Steve’s property award was worth $130,500. Pam was awarded an additional $5,500 as the difference in the values of the property awards.
¶ 8. Steve does not dispute the chancellor’s valuation of the property. Steve’s argument is that the chancellor failed to address the $70,000 in non-marital funds that he contributed to the property on Idlewild Lane. He agrees he and Pam should have each received $127,750 in marital equity, but he claims he should have received an additional $70,000. We agree. While the chancellor took the non-marital contribution of $70,000 into account when adding together the marital assets, it was not taken into account in Pam’s award. The chancellor stated that Pam’s award was $125,000. However, Pam was awarded a house with equity of $195,000. The chancellor’s award of the house to Pam with nothing owed to Steve gives Pam a windfall of $70,000.
¶ 9. We recognize that equitable distribution does not necessarily mean an equal distribution. Ferguson, 639 So.2d at 927 (citing Draper, 627 So.2d at 305). However, it is apparent to us that the chancellor’s intent was to divide the property equally in *381 this case. An equal division was not accomplished by the chancellor’s award. Accordingly, we reverse the chancellor’s judgment and remand this case to the chancery court for further findings regarding the equitable distribution of the marital property.
¶10. THE JUDGMENT OF THE PEARL RIVER COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.